FILED

2021 Jul-27  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, AS SUBROGEE OF TYLER AND MEGAN BURNETT, ) ) ) )<br><br>**Plaintiff** )<br>**v.** )<br>)<br>OXFORD HOUSING, INC., & )<br>ADVANCE MOBILE HOME )<br>HEATING AND COOLING, INC., )<br>)<br>**Defendants** ) | **CASE NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, ALLSTATE INDEMNITY COMPANY (hereafter, "Allstate"), as subrogee of Tyler and Megan Burnett, by and through the undersigned, complains of Defendants, OXFORD HOUSING INC. (hereafter, "Oxford") and ADVANCE MOBILE HOME HEATING AND COOLING, INC. (hereafter, "Advance Mobile") (collectively referred to as "Defendants"), and for its Complaint, states the following:

## PARTIES

1.     Allstate is an Illinois corporation incorporated under the laws of the State of Illinois with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

2.     At all times relevant, Allstate was licensed and authorized to do business in the State of Alabama and maintained claim offices throughout Alabama.

3.     Defendant Oxford is an Alabama corporation with its principal place of business located at 90 Hamric Drive East, Oxford, Alabama 36203.

4.     At all times relevant, Defendant Oxford provided mobile homes throughout the United States, including Talladega County, Alabama, and otherwise transacted business within Alabama.

5.     Upon information and belief, and all times relevant, Defendant Advance Mobile is an Alabama corporation with its principal place of business located at 2501 Wooden Trail, Southside, Alabama 35907.

6.     At all times relevant, Defendant Advance Mobile provided HVAC installation services throughout the United States, including Talladega County, Alabama, and otherwise transacted business within Alabama.

## JURISDICTION

7.     An actual controversy of a justiciable nature exists between Allstate and the Defendants. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship among Allstate and Defendants Oxford and Advance Mobile, and the amount in controversy exceeds $75,000.00.

8.    This Court has personal jurisdiction over Defendants Oxford and Advance Mobile, *inter alia*, Defendants principal places of business are located within this judicial district.

## VENUE

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants are subject to personal jurisdiction in this judicial district, and because a substantial part of the events and activities giving rise to Allstate's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

10.    In 2018, Tyler and Megan Burnett purchased a mobile home from Defendant Oxford.

11.    At all times relevant, Tyler and Megan Burnett resided at the insured property, 2801 Stockdale Road, Munford, Alabama 36268.

12.    At all times relevant, Allstate insured the Burnett residence, which *inter-alia*, provided insurance coverage for property damage and other related expenses stemming from risks to property, such as fire.

13.    Upon information and belief, Defendant Oxford designed, manufactured, distributed, marketed, installed, inspected, tested and/or sold the HVAC system for the Burnett mobile home, as well as its associated electrical circuitry and components.

14.    Upon information and belief, Oxford retained Defendant Advance Mobile to assist in the assembly, installation, inspection, and/or testing of the HVAC system for the Burnett mobile home, as well as its associated electrical circuitry and components.

15.    The Burnetts used the HVAC system for its normal and intended purpose and use.

16.    On or about July 26, 2019, a fire occurred at the Burnett residence that caused substantial damage to real and personal property.

17.    Subsequent investigation into the origin and cause of the fire revealed the electrical circuitry to the condensing unit of the HVAC system catastrophically failed in the location of the main breaker panel the HVAC condenser disconnect.

18.    Under the terms of the insurance policy, and upon demand by Tyler and Megan Burnett, Allstate paid $105,346.58 to or on behalf of the Burnetts for damages sustained as a result of the fire. The Burnetts also incurred a $1,000.00 deductible loss pursuant to the terms of the Allstate policy. In consideration of this payment, and by operation of law, Allstate became an actual bona fide subrogee of the Burnetts for a claim of $106,346.58 and became subrogated to the rights and claims against any person or entity determined to have proximately caused the damages to the Burnett residence and its contents.

## COUNT I - NEGLIGENCE
## OXFORD

19.   Plaintiff incorporates by reference the allegations contained in paragraph 1 through 18 of this Complaint, as though fully set forth in this Count I.

20.   At all relevant times, Defendant Oxford had a duty to exercise reasonable care in designing, manufacturing, distributing, marketing, and/or selling the HVAC system, as well as its associated electrical circuitry and components.

21.   Notwithstanding this duty, and in breach thereof, Defendant Oxford, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

a.   Defendant Oxford failed to properly manufacture and/or assemble the HVAC system, as well as its associated electrical circuitry and components; and/or

b.   Defendant Oxford failed to properly test the HVAC system, as well as its associated electrical circuitry and components; and/or

c.   Defendant Oxford failed to adequately inspect the HVAC system, as well as its associated electrical circuitry and components; and/or

d.   Defendant Oxford failed to correct and/or remedy defects and/or dangerous conditions within the HVAC system, as well as its associated electrical circuitry and components; and/or

e.   Defendant Oxford was otherwise negligent in performance of its duties.

22.     As a direct and proximate result of the negligent acts and/or omissions on the part of Defendant Oxford, a fire originated at the Burnett home on or about July 26, 2019, causing substantial damage to the Burnett residence and its contents.

23.     Allstate paid $105,346.58 to or on behalf of the Burnetts as indemnification and reimbursement for property damage stemming from the July 26, 2019 fire.

24.     The Burnetts also incurred a $1,000.00 deductible loss pursuant to the terms of the Allstate policy.

25.     In consideration of said payments, and in equity, Allstate became a bona fide subrogee of Tyler and Megan Burnett and is subrogated to all rights, claims, and interests that they may have against any person or entity responsible for this occurrence and resulting damage.

WHEREFORE, Allstate Indemnity Company, as subrogee of Tyler and Megan Burnett, hereby prays that judgment be entered in its favor and against Oxford Housing, Inc., in the amount of $106,346.58 plus costs, and for such further relief that this Court deems equitable and just.

## COUNT II- NEGLIGENCE
## ADVANCE MOBILE

26.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 18 of this Complaint, as though fully set forth in this Count II.

27.     At all relevant times, Defendant Advance Mobile had a duty to exercise reasonable care in assembling, installing, inspecting, and/or testing the HVAC system, as well as its associated electrical circuitry and components.

28.     Notwithstanding this duty, and in breach thereof, Defendant Advance Mobile, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

a.  Defendant Advance Mobile failed to properly assemble the HVAC system, as well as its associated electrical circuitry and components; and/or

b.  Defendant Advance Mobile failed to properly test the HVAC system, as well as its associated electrical circuitry and components; and/or

c.  Defendant Advance Mobile failed to adequately inspect the HVAC system, as well as its associated electrical circuitry and components; and/or

d.  Defendant Advance Mobile failed to correct and/or remedy defects and/or dangerous conditions within the HVAC system, as well as its associated electrical circuitry and components; and/or

e.  Defendant Advance Mobile was otherwise negligent in performance of its duties.

29.     As a direct and proximate result of the negligent acts and/or omissions on the part of Defendant Advance Mobile, a fire originated at the Burnett home on or about July 26, 2019, causing substantial damage to the Burnett residence and its contents.

30.     Allstate paid $105,346.58 to or on behalf of the Burnetts as indemnification and reimbursement for property damage stemming from the July 26,

2019 fire.

31.    The Burnetts also incurred a $1,000.00 deductible loss pursuant to the terms of the Allstate policy.

32.    In consideration of said payments, and in equity, Allstate became a bona fide subrogee of Tyler and Megan Burnett and is subrogated to all rights, claims, and interests that they may have against any person or entity responsible for this occurrence and resulting damage.

WHEREFORE, Allstate Indemnity Company, as subrogee of Tyler and Megan Burnett, hereby prays that judgment be entered in its favor and against Advance Mobile Home Heating and Cooling, Inc., in the amount of $106,346.58, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT III – IMPLIED WARRANTY OF MERCHANTABILITY OXFORD

33.    Plaintiff incorporates by reference the allegations contained in paragraph 1 through 18 of this Complaint, as though fully set forth in this Count III.

34.    At all relevant times, Defendant Oxford was a merchant of the manufactured home, as well as its HVAC system, including but not limited to its associated electrical circuitry and components.

35.    At the time of sale, the manufactured home and its components were not of merchantable quality, and was unfit for the ordinary purpose for which it was used for one or more of the foregoing reasons:

a. The HVAC system, as well as its associated electrical circuitry and components, contained one or more manufacturing defects; and/or

b. The HVAC system, as well as its associated electrical circuitry and components, were defectively assembled in that it they did not contain a safety mechanism that

c. The HVAC system, as well as its associated electrical circuitry and components, were defectively designed in that the circuitry could fail and ignite combustibles and thus created a substantial risk of fire.

36.    Within a reasonable time after the Burnetts discovered the HVAC system, as well as its associated electrical circuitry and components were not of merchantable quality and were unfit for the ordinary purpose for which it would be used at the home, Defendant Oxford was notified.

37.    As a direct and proximate result of Defendant Oxford's breach of the implied warranty of merchantability, a fire originated within the HVAC system's electrical components on or about July 26, 2019, causing substantial damage to the Burnett residence and its contents.

38.    Pursuant to the provisions of the policy of insurance issued to the Burnetts by Allstate, Allstate paid to or on behalf of the Burnetts an amount of $105,346.58 to repair and/or replace damaged and destroyed property and otherwise compensate the Burnetts for losses sustained as a result of said fire damage.

39.    The Burnetts also incurred a $1,000.00 deductible loss pursuant to the terms of the Allstate policy.

40.    In consideration of said payments, and in equity, Allstate became a bona fide subrogee of Tyler and Megan Burnett and is subrogated to all rights,

claims, and interests that they may have against any person or entity responsible for this occurrence and resulting damage.

WHEREFORE, Allstate Indemnity Company, as subrogee of Tyler and Megan Burnett, hereby prays that judgment be entered in its favor and against Oxford Housing, Inc., in the amount of $106,346.58, plus costs, and for such further relief that this Court deems equitable and just.

## COUNT IV - BREACH OF IMPLIED WARRANTY OF WORKMANSHIP MANNER
## ADVANCE MOBILE

41.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 of this Complaint, as though fully set forth in this Count IV.

42.     Upon accepting the duties and responsibilities to perform the installation work on the subject HVAC system and its associated electrical components, Defendant Advance Mobile agreed to perform the work in a reasonable workmanlike manner and that the subject HVAC electrical components would be fit for its ordinary purpose and allow its regular use.

43.     Defendant Advance Mobile breached the aforesaid warranty of workmanship in one or more of the following ways:

   a. Defendant Advance Mobile failed to sufficiently perform the installation of the subject HVAC and the electrical components; and/or

   b. Defendant Advance Mobile failed to hire competent agents, servants, sub-agents, representatives, workmen, employees, and/or

   subcontractors to perform installation of the subject HVAC electrical
   system; and/or

   c. Defendant Advance Mobile failed to adequately supervise, coordinate
      and/or inspect the work performed by its agents, servants, sub-agents,
      representatives, workmen, employees and/or subcontractors in
      connection with the installation of the HVAC electrical system; and/or

   d. Defendant Advance Mobile improperly bypassed the disconnect at the
      main 220-volt breaker panel within the HVAC electrical system; and/or

   e. Defendant Advance Mobile failed to discover and warn the homeowner
      of the disconnect at the main 220-volt breaker panel within the HVAC
      electrical system; and/or

   f. Defendant Advance Mobile made improper connections of the HVAC
      electrical system.

44.    On July 26, 2019, as a direct and proximate result of Defendant

Advance Mobile's breach of the implied warranty of workmanship manner, the

subject fire occurred, causing fire damage within the subject property.

45.    Pursuant to the policy of insurance issued to the Burnetts, Allstate paid

to, or on behalf of, Tyler and Megan Burnett, an amount of $105,346.58 as

indemnification and reimbursement for the damages suffered to their real and

personal property due to the subject fire.

46.    The Burnetts also incurred a $1,000.00 deductible loss pursuant to the

terms of the Allstate policy.

47.     In consideration of said payments, and in equity, Allstate became a

bona fide subrogee of Tyler and Megan Burnett and is subrogated to all rights,

claims, and interests that they may have against any person or entity responsible for

this occurrence and resulting damage.

WHEREFORE, Allstate Indemnity Company, as subrogee of Tyler and

Megan Burnett, hereby prays that judgment be entered in its favor and against

Advance Mobile Home Heating and Cooling, Inc., in the amount of $106,346.58,

plus costs, and for such further relief that this Court deems equitable and just.

## JURY DEMAND

Allstate demands trial by struck jury on all issues triable by jury.

Respectfully submitted,

/s/ *John W. Scott*
John W. Scott
Christian C. Feldman
Attorneys for Plaintiff, Allstate Indemnity
Company

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
211 22nd Street North
Birmingham, Alabama  35203
Telephone: (205) 251-2300
Fax: (205) 251-6773
Email:      jscott@scottdukeslaw.com
            cfeldman@scottdukeslaw.com

Brad M. Gordon (to be admitted *pro hac vice*)
GROTEFELD HOFFMANN GORDON OCHOA & EVINGER LLP
311 S. Wacker Drive, Suite 1500
Chicago, IL 60610
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email:      bgordon@ghlaw-llp.com

**<u>Serve Defendants by Certified Mail at:</u>**

Oxford Housing, Inc.
c/o Wayne Barker -Registered Agent
525 Quintard Dr.
Oxford, Alabama 36203

Advance Mobile Home Heating & Cooling, Inc.
c/o Thomas E Barnes, Jr. – Registered Agent
2501 Wooden Trail
Southside, Alabama 35907